■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GONZALEZ-RUIZ, Appellant.—Judgment of the Supreme Court, Bronx County (Frank J. Blangiardo, J.), rendered on September 7, 1983, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of from 6 to 18 years, is affirmed.

The sentence imposed herein is certainly not excessive. Defendant was initially indicted for the crimes of murder in the second degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree. Pursuant to a plea bargain, he ultimately pleaded guilty to manslaughter in the first degree and received the negotiated sentence. In that regard, defendant admitted at his allocution that he had killed the decedent in the course of a dispute between the two men. Although the defendant claimed

that the decedent rammed his car into defendant's vehicle and attempted to run the defendant over, the latter, instead of retreating from the scene as he could have chosen to do, responded by emerging from his vehicle with a loaded gun. He thereafter walked over to the side of the decedent's car and proceeded to shoot him twice in the head. Even if the decedent's behavior can be considered to have been threatening, that in no way mitigates the seriousness of defendant's unjustifiable murder of the victim. Under these circumstances, a sentence of from 6 to 18 years' imprisonment was entirely fair and not an abuse of the court's discretion. Concur—Sullivan, Fein and Milonas, JJ.

Sandler, J. P., and Carro, J., dissent in a memorandum by Carro, J., as follows: Considering defendant's background and the unusual facts of this case, defendant's sentence of 6 to 18 years' imprisonment is unduly harsh, even acknowledging the serious nature of the crime committed. Accordingly, I would modify the judgment to the extent of reducing the sentence to 3 to 9 years' imprisonment and otherwise affirm the judgment.

The killing of Francisco Ortiz on November 19, 1982 cannot be isolated from the events which transpired throughout that day. Some time near the early afternoon of that day, defendant, 21 years old and of very slight build, was outside his apartment building loading a television set into a car to take to his girlfriend Blanca Santos' apartment. Francisco Ortiz, Santos' estranged husband, pulled up in a van and yelled at defendant and Santos that he did not want to see them together. Ortiz then slapped Santos, hit defendant and knocked the television to the ground. Defendant simply retreated into the building and did not come out again until Ortiz had gone.

After dining in Manhattan with Santos and defendant's brother Hector, defendant proceeded to drive Santos and Hector back home to The Bronx. Hector noticed that Ortiz's car was following defendant's. Defendant speeded up and tried to elude Ortiz. Ortiz, however, continued following and began to ram his car into defendant's to run him off the road. Defendant got out of his car to speak with Ortiz, but returned to his own car after he saw Ortiz exit his car with something in his hand. Defendant then sped off.

Ortiz persisted in following defendant and tried to cut defendant off, finally causing a collision on a major highway. At this point defendant grabbed a pistol Santos had loaned him from under a car seat and got out of his car. He approached Ortiz, demanding to know what was going on. Ortiz

responded by trying to run defendant over with his car. Defendant stepped out of the path of the car, went to the side of Ortiz's car and shot Ortiz twice in the head, killing him.

At the plea proceeding defendant stated he was afraid Ortiz was going to kill him by running him over with the car and felt he had to fire the gun to save his own life. Although having raised a self-defense issue, defendant, according to his attorney, did not wish to risk a murder conviction by going to trial. After a discussion with his attorney, defendant finally stated at the plea that he intended to shoot Ortiz. The People consented to entry of a guilty plea to manslaughter in the first degree, a B felony, with the understanding that defendant would be sentenced to 6 to 18 years. On September 7, 1983, defendant, who came from a close-knit, intact family, had been gainfully employed since coming from Puerto Rico in 1970, and had no criminal record as a juvenile or adult, was sentenced as a first offender to 6 to 18 years' imprisonment.

Under no view of the facts can defendant be portrayed as a calculated killer or hardened criminal. Although his actions were not legally justified, it is clear that they were provoked by Ortiz's ongoing, threatening and abusive behavior in striking defendant, damaging his property, trying to run his car off the road, causing a collision of the two cars and then trying to run defendant over with his car. It is noteworthy also that defendant consistently tried to avoid confrontations with Ortiz until the very end.

Despite these facts, defendant received a sentence of 6 to 18 years, a sentence far in excess of the minimum term for this offense, 1 to 3 years. While defendant's act cannot go unpunished, a sentence of 6 to 18 years is unduly harsh and goes beyond what is necessary for deterrence or rehabilitation purposes. Accordingly, pursuant to this court's authority under CPL 470.15 (2), I would modify the judgment by reducing the sentence to 3 to 9 years and otherwise affirm it.